**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| | ) | |
| Lacy BAIRD, an individual, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 10-cv-5354 |
| | ) | |
| BLUE CROSS BLUE SHIELD OF TEXAS, | ) | |
| A DIVISION OF HEALTH CARE | ) | |
| SERVICE CORPORATION, A MUTUAL | ) | |
| LEGAL RESERVE COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Court Judge:

Pursuant to 28 U.S.C. § 1404(a), the Court is considering transferring this case on its own

motion to the plaintiff's home forum, the Southern District of Texas, Houston Division. (Dkt.

No. 24 ¶ 2 (indicating that the plaintiff, Lacy Baird, resides in Houston, Texas).) *See* 15 *Wright,*

*Miller & Cooper, Federal Practice & Procedure* § 3844 (3d ed. 2007) ("The language of the

statute [28 U.S.C. § 1404(a)] is broad enough that a district judge can order transfer on his or her

own initiative, as has been recognized in many cases.") (collecting cases); *see also Germaine v.*

*St. Germain*, No. 10-3796, 2011 WL 1897399, at *1 (7th Cir. May 19, 2011) (citing *Carver v.*

*Knox County*, 887 F.2d 1287, 1291 (6th Cir. 1989) ("In fact, 28 U.S.C. § 1404(a) does not

require a motion; a district court may transfer a case *sua sponte*."); *Mills v. Beech Aircraft Corp.,*

*Inc.*, 886 F.2d 758, 761 (5th Cir. 1989) ("Such transfers may be made *sua sponte*."); *Muldoon v.*

*Tropitone Furniture Co.*, 1 F.3d 964, 965–66 (9th Cir. 1993) (accepting that district court in

Northern District of Illinois properly transferred case "on its own motion" to the Southern

District of California)). Before deciding whether to transfer this case to the Southern District of

Texas, Houston Division, the Court would like to allow the parties an opportunity to brief the

issue.

Specifically, the Court asks the parties to address whether "for the convenience of parties

and witnesses [and] in the interest of justice" transfer of this case to the Southern District of

Texas, Houston Division is warranted. 28 U.S.C. § 1404(a). The parties should focus their

briefs on "the interest of justice," which, as the Seventh Circuit has stated, "may be

determinative" irrespective of the convenience of the parties. *Research Automation, Inc. v.

Schrader-Bridgeport Intern., Inc.*, 626 F.3d 973, 978 (7th Cir. 2010). Evaluating the "interest of

justice" under the transfer statute involves a comparison of: "docket congestion and likely speed

to trial in the transferor and potential transferee forums[;] each court's relative familiarity with

the relevant law[;] the respective desirability of resolving controversies in each locale[;] and the

relationship of each community to the controversy[.]" *Research Automation, Inc. v. Schrader-

Bridgeport Intern., Inc.*, 626 F.3d 973, 978 (7th Cir. 2010) (internal citation omitted). Having

read the amended complaint (Dkt. No. 24) and the parties' briefs on the pending motion to

dismiss (Dkt. Nos. 28–29, 39 & 43)—all of which rely heavily on the interpretation of the Texas

Insurance Code and other Texas statutes and common law—the Court is particularly concerned

with whether the last three factors weigh in favor of adjudicating this case in the federal district

court sitting in Houston, Texas.

The parties have up to and including Friday, August 26, 2011 to file briefs on this issue. The briefing will occur simultaneously and no responses or replies will be necessary. The briefs should not exceed three pages and should accord with the formatting rules applicable in this District. The status hearing set for Thursday, August 25, 2011 is stricken. It is so ordered.

_____
Honorable Marvin E. Aspen
U.S. District Court Judge

Date: August 23, 2011